*Quamina v. Crampsie,* 21 Civ. 1878 (PGG) (BCM)

# DEFS.' EXHIBIT B

**Defs.' Letter re: Motion to Dismiss under FRCP 12(b)(6)**



Jason Lotkowictz <jason.lotkowictz@gmail.com>

## Anaika Quamina v. Lauren Crampsie and Jason Lotkowictz - Federal Lawsuit

**DOUGLAS LIPSKY** <doug@lipskylowe.com>  Sun, Dec 27, 2020 at 8:18 PM
To: lauren.crampsie@ogilvy.com, jason.lotkowictz@gmail.com

Ms. Crampsie and Mr. Lotkowictz:

This law firm represents Ms. Anaika Quamina regarding her employment with you.  Attached is a lawsuit we intend to file on January 6, 2021.

Please contact me beforehand if you want to discuss a confidential, pre-suit resolution.  We will, otherwise, proceed with filing the lawsuit.

Very truly yours,

Douglas Lipsky



Douglas Lipsky

420 Lexington Avenue, Suite 1830

New York, NY 10170-1830
doug@lipskylowe.com | www.lipskylowe.com
Direct: 212.444.1024 | Main: 212.392.4772 | Fax: 212.444.1030

Stay Safe – Wear A Mask – Wash Your Hands

Click here for the most current information on COVID-19:  https://lipskylowe.com/category/covid-19/

*Until further notice, due to our office being closed, remote work and other protocols to address the spread of COVID-19, all pleadings, notices, discovery correspondence and other documents from our firm will only be electronically served.  Please advise us immediately if this is problematic for you.  Similarly,  we request that all documents, except those that must contain original and genuine*

Defs.' Ex. B at P000001

*signatures, be served via email directed to the handling attorney and not via regular mail or FedEx to our office. Should you have any questions or concerns regarding this request, please contact the undersigned via email.*

📄 **Quamina v. Crampsie and Lotkowicz - Federal Lawsuit.pdf**
447K

Defs.' Ex. B at P000002

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ANAIKA QUAMINA,

        Plaintiff,

     v.

LAUREN CRAMPSIE and JASON LOTKOWICTZ, Jointly and Severally,

        Defendants.

ECF CASE

No.: _____

COMPLAINT

JURY TRIAL DEMANDED

## NATURE OF THE ACTION

1. Defendant Lauren Crampsie is President of Ogilvy New York and the Global Chief Marketing Officer for Ogilvy & Mather and she, with her husband and co-Defendant Jason Lotkowictz, employed Plaintiff Anaika Quamina as their nanny.

2. Defendant Lauren Crampsie often speaks of empowering women and that women should support other women. And Ogilvy boasts of paying its workers fairly and rapidly responding to the COVID-19 pandemic. Yet Defendant Crampsie did not lawfully pay her children's nanny and swiftly fired her nanny upon learning she tested positive for COVID-19.

3. Despite regularly working more than 60 hours a week as she cared for their children at their New York City and Hamptons homes, Defendants Crampsie and Lotkowictz did not pay Plaintiff Quamina overtime premium pay; they sometimes failed to pay her every week, requiring Plaintiff Quamina to chase them down to get paid; and they failed to provide her notices required under the New York Labor Law. Adding insult to injury, Defendants immediately fired Plaintiff Quamina when she tested positive for COVID-19.

F.R.E. 408

Defs.' Ex. B at P000003

4. Plaintiff Quamina asserts the following claims against Defendants Crampsie and Lotkowictz: unpaid overtime under the Fair Labor Standards Act ("FLSA") and New York Labor Law ("Labor Law"); failure to provide the required Notice and Acknowledgement of Pay Rate and Payday under N.Y. Lab. Law § 195.1(a); failure to provide the required wage statement under N.Y. Lab. Law § 195.3; and disability discrimination under the New York State Human Rights Law ("NYSHRL") and New York City Human Rights Law ("NYCHRL").

## JURISDICTION, VENUE & JURY DEMAND

5. This Court has subject matter jurisdiction over this matter under 28 U.S.C. §§ 1331, and 1337, supplemental jurisdiction over the Labor Law, NYSHRL and NYCHRL claims under 28 U.S.C. § 1367. In addition, the Court has jurisdiction over Plaintiff's FLSA claims under 29 U.S.C. § 216(b).

6. Venue is proper in this District under 28 U.S.C. §§ 1391(b)(1) and (2) because Defendants are residents of this District and substantial part of the events or omissions giving rise to the claims occurred in this District.

7. This Court is empowered to issue a declaratory judgment under 28 U.S.C. §§ 2201 and 2202.

## THE PARTIES

8. Plaintiff Quamina is and was, at all relevant times, an adult individual residing in Brooklyn, New York.

9. Defendant Lauren Crampsie is an individual who resides in New York, New York.

Defs.' Ex. B at P000004

10. Defendant Jason Lotkowictz is an individual who resides in New York, New York.

STATEMENT OF FACTS

Overview

11. Defendants Crampsie and Lotkowictz employed Plaintiff Quamina as the nanny for their two children.

12. Defendant Lauren Crampsie is President of Ogilvy New York and the Global Chief Marketing Officer for Ogilvy & Mather.

13. Defendant Jason Lotkowictz is Vice President of Sales for Advance 360 Health.

14. Defendants decided to hire and fire Plaintiff Quamina, decided her compensation, decided her work schedule and decided her duties.

15. Plaintiff Quamina commenced employment with Defendants in or about May 2018.

16. Plaintiff Quamina duties included caring for, light house cleaning, cooking for the children, doing laundry, picking up groceries, and helping to clean Defendants' New York City and Hamptons homes.

17. Plaintiff Quamina spent more than 25% of her time performing physical labor.

Work Schedule

18. When Plaintiff Quamina commenced employment, her initial schedule was 8 hours per day for 5 days, totaling 40 hours.

Defs.' Ex. B at P000005

19. On or around November 27, 2018, her work scheduled changed to being from 7:00 a.m. to 7:00 p.m., Monday to Friday, totaling 60 hours.

20. Plaintiff Quamina worked at least 8 weekends each year, usually when Defendants were at their Hamptons house.

21. Plaintiff Quamina also worked at Defendants' Hamptons house over the weekend when it was Defendant Crampsie's birthday.

22. When working Monday to Sunday, Plaintiff Quamina worked 84 hours.

23. Plaintiff Quamina did not have an uninterrupted 30-minute break. She, at most, got 10-15 minute breaks.

24. Defendants had no policy or practice to track the hours Plaintiff Quamina worked.

25. During the beginning of the COVID-19 pandemic, Plaintiff Quamina worked two weekends for Defendants in upstate New York.

Compensation

26. Defendants paid Plaintiff Quamina $23.00 per hour for all hours worked.

27. Defendants did not pay Plaintiff Quamina overtime premium pay for any hour she worked over 40 in a week.

28. When she worked weekends or stayed overnight at their New York City or Hamptons house, Defendants paid Plaintiff Quamina an extra $50.00 per day.

29. Defendants paid Plaintiff Quamina via Zelle transfers.

30. When paying her, Defendants did not give Plaintiff Quamina a written statement specifying the hours she was being compensated for, her hourly rate or the payroll period.

Defs.' Ex. B at P000006

31. At least once a month, Defendants failed to pay Plaintiff Quamina at the end of the week, resulting in her having to wait more than 7 days to get paid and having to chase the Defendants to get paid.

Labor Law Notice and Wage Statement Violations

32. Defendants failed to provide Plaintiff Quamina with a Notice and Acknowledgment of Payrate and Payday under N.Y. Lab. Law § 195.1 when she was hired or at any point in her employment.

33. Defendants did not provide Plaintiff Quamina with an accurate wage statement under N.Y. Lab. Law § 195.3 with any wage payment.

Plaintiff Quamina's Termination

34. On December 12, 2020, Plaintiff Quamina tested positive for COVID-19..

35. On December 12, 2020, Plaintiff Quamina advised the Defendants of her diagnosis.

36. On December 12, 2020, Defendants cut off all communication with Plaintiff Quamina because she tested positive for COVID-19 and terminated her employment.

37. No legitimate, non-discriminatory reason exists for Defendants to terminate Plaintiff Quamina's employment.

38. As a consequence of firing her, Plaintiff Quamina was unable to buy food for the holidays for her family in Trinidad, as she has done in prior years.

FIRST CAUSE OF ACTION
FAILURE TO PAY OVERTIME UNDER THE FLSA

39. Plaintiff Quamina repeats every allegation of the preceding paragraphs as if fully set forth herein.

Defs.' Ex. B at P000007

40. Defendants were "employers" and Plaintiff Quamina was an "employee" within the meaning of the FLSA.

41. Defendants employed Plaintiff within the meaning of the FLSA.

42. Defendants knowingly failed to pay Plaintiff Quamina the overtime wages to which she was entitled under the FLSA.

43. Defendants were required to pay Plaintiff Quamina no less than 1.5 times the regular rate at which she was employed for all hours worked in excess of 40 hours in a workweek under the overtime wage provisions set forth in the FLSA, 29 U.S.C. §§ 201, *et seq.*, including 29 U.S.C. §§ 207(a)(1) and 215(a).

44. At all relevant times, Defendants had a policy and practice of refusing to pay Plaintiff Quamina the proper overtime compensation for her hours worked in excess of 40 hours per workweek.

45. Defendants were aware or should have been aware that the practices described in this Complaint were unlawful, making their violations willful or reckless.

46. Defendants have not made a good faith effort to comply with the FLSA with respect to Plaintiff Quamina compensation.

47. Because Defendants' violations of the FLSA were willful, a three-year statute of limitations applies under 29 U.S.C. § 255.

48. Defendants have failed to make, keep and preserve records with respect to Plaintiff Quamina sufficient to determine the wages, hours, and other conditions and practices of employment, violating the FLSA, 29 U.S.C. §§ 201, 207(a)(1) and 215(a).

49. As a result of Defendants' FLSA violations, Plaintiff Quamina has suffered damages by being denied overtimes wages in accordance with the FLSA in amounts to be

Defs.' Ex. B at P000008

determined at trial, and is entitled to recover of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs, and such other legal and equitable relief as this Court deems just and proper.

## SECOND CAUSE OF ACTION
## UNPAID OVERTIME UNDER THE NEW YORK LABOR LAW

50. Plaintiff Quamina repeats every allegation of the preceding paragraphs as if fully set forth herein.

51. Defendants are employers under N.Y. Lab. Law §§ 190, 196-d, 651(5), 652 and supporting New York State Department of Labor Regulations and employed Plaintiff Quamina .

52. Under the Labor Law and supporting New York State Department of Labor Regulations, Defendants were required to pay Plaintiff Quamina 1.5 times her regular rate of pay for all hours she worked in excess of 40.

53. Defendants failed to pay Plaintiff Quamina overtime premium pay for any hour she worked above 40 in a week, violating the Labor Law. 12 N.Y.C.R.R. § 142-2.2

54. Defendants have willfully violated the Labor Law by knowingly and intentionally failing to pay Plaintiff Quamina the correct amount of overtime wages.

55. Due to Defendants' Labor Law violations, Plaintiff Quamina is entitled to recover from Defendants her unpaid wages, liquidated damages, reasonable attorneys' fees, costs, and pre and post-judgment interest.  N.Y. Lab. Law § 663.

Defs.' Ex. B at P000009

## THIRD CAUSE OF ACTION
## DISABILITY DISCRIMINATION
## UNDER THE NEW YORK STATE HUMAN RIGHTS LAW

56. Plaintiff Quamina repeats every allegation of the preceding paragraphs as if set forth in this cause of action.

57. At all relevant times, Plaintiff Quamina was an "employee" and a "person" within the meaning of the NYSHRL and Defendants were "employers."

58. As an "employer" and supervisor of Plaintiff Quamina, Defendants are personally liable.

59. The NYSHRL prohibits employment discrimination based on a disability. N.Y. Exec. Law § 296(1)(a).

60. The NYSHRL was amended to include COVID-19 as a disability.

61. Defendants discriminated against Plaintiff Quamina by firing her because of her COVID-19 diagnosis.

62. As a result of Defendants' discrimination of her, Plaintiff Quamina has suffered and continues to suffer, *inter alia*, loss of wages, emotional distress, mental anguish, emotional pain, inconvenience, loss of enjoyment of life and medical expenses.

## FOURTH CAUSE OF ACTION
## DISABILITY DISCRIMINATION
## UNDER THE NEW YORK CITY HUMAN RIGHTS LAW

63. Plaintiff Quamina repeats every allegation of the preceding paragraphs as if set forth in this cause of action.

64. At all relevant times, Plaintiff Quamina was an "employee" and a "person" within the meaning of the NYCHRL and Defendants were "employers."

Defs.' Ex. B at P000010

65. As an "employer" and supervisor of Plaintiff Quamina, Defendants are personally liable.

66. The NYCHRL was amended to include COVID-19 as a disability.

67. Defendants discriminated against Plaintiff Quamina by firing her because of her COVID-19 diagnosis, violating N.Y.C. Admin. Code § 8-107(1)(a).

68. As a result of Defendants' discrimination of her, Quamina has suffered and continues to suffer, *inter alia*, loss of wages, emotional distress, mental anguish, emotional pain, inconvenience, loss of enjoyment of life and medical expenses.

69. Defendants discriminated against Plaintiff Quamina with malice and/or reckless indifference to her rights under the NYCHRL.

FIFTH CAUSE OF ACTION
UNTIMELY PAID WAGES
UNDER THE NEW YORK LABOR LAW

70. Plaintiff Quamina repeats every allegation of the preceding paragraphs as if fully set forth herein.

71. Plaintiff Quamina was a "manual worker" within the meaning of N.Y. Lab. Law § 190(4).

72. As a manual worker, Defendants were required to pay Plaintiff Quamina "not later than seven days after the end of the week in which the wages are earned." N.Y. Lab. Law § 191(1)(a)(i).

73. With Defendants often paying Plaintiff Quamina every 14 days, they did not pay her for the first seven days she worked during each period within seven days at the end of that week, violating N.Y. Lab. Law § 191(1)(a)(i).

Defs.' Ex. B at P000011

74. For violating N.Y. Lab. Law § 191(1)(a)(i), Defendants are liable to Plaintiff Quamina for liquidated damages, interest and attorneys' fees and expenses. N.Y. Lab. Law § 198(1-a); *Vega v. CM Assoc. Constr. Mgt., LLC*, 175 A.D. 3d 1144 (1st Dep't 2019).

### SIXTH CAUSE OF ACTION
### FAILURE TO PROVIDE 195.1 NOTICE
### UNDER THE NEW YORK LABOR LAW

75. Plaintiff Quamina repeats every allegation of the preceding paragraphs as if fully set forth herein.

76. Defendants willfully failed to supply Plaintiff Quamina with the required Notice and Acknowledgement of Pay Rate and Payday under § 195.1(a) within 10 business days of her first employment date.

77. Due to Defendants' violations of N.Y. LAB. LAW § 195.1, Plaintiff Quamina is entitled to recover from them $50.00 for each work day that the violations occurred or continue to occur, or a total of $5,000.00, reasonable attorneys' fees, costs, injunctive and declaratory relief. N.Y. Lab Law § 198(1)-b (2016).

### SEVENTH CAUSE OF ACTION
### FAILURE TO PROVIDE 195.3 WAGE STATEMENT
### UNDER THE NEW YORK LABOR LAW

78. Plaintiff Quamina repeats every allegation of the preceding paragraphs as if fully set forth herein.

79. Defendants willfully failed to supply Plaintiff Quamina with an accurate wage statement with each payment of wages, violating N.Y. Lab Law § 195.3.

80. Due to Defendants' violations of N.Y. Lab Law § 195.3, Plaintiff Quamina is entitled to recover from them $250.00 for each work day that the violations occurred or

Defs.' Ex. B at P000012

continue to occur, or a total of $5,000.00, reasonable attorneys' fees, costs, injunctive and declaratory relief. N.Y. Lab Law § 198(1)-d (2016).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Quamina respectfully requests the Court grant the following relief:

- a. Accepts jurisdiction over this matter;
- b. Impanels and charges a jury with respect to the causes of action;
- c. An award for unpaid overtime under the FLSA and Labor Law;
- d. An award for liquidated damages under the FLSA and Labor Law;
- e. An award for back pay and front pay under the NYSHRL and NYCHRL in amount to exceed $100,000;
- f. Awarding Plaintiff Quamina compensatory and emotional distress-based damages for the mental and emotional injury, distress, pain, suffering, and injury to her reputation in an amount to be proven exceeding $200,000.00;
- g. Awarding punitive damages for the pain and suffering, anxiety, humiliation, loss of enjoyment of life, emotional distress in order to compensate her for the injuries she has suffered and to signal to other employers that discrimination is repulsive to legislative enactments in the amount of at least $300,000.00.
- h. Declaring that Defendants engaged in unlawful discriminatory practices prohibited by the NYCHRL and the NYSHRL in that they discriminated against Plaintiff Quamina based on her disability;
- i. An award for failing to provide the N.Y. LAB. LAW § 195.1 Notice;
- j. An award for failing to provide the N.Y. Lab. Law § 195.3 Wage

-11-

F.R.E. 408

Defs.' Ex. B at P000013

Statements;

        k.     An award of pre-judgment and post-judgment interest;

        l.     An award of costs and expenses of this action together with reasonable attorneys' and expert fees; and

        m.     Awarding Plaintiff Quamina such other and further relief as the Court may deem equitable, just, and proper to remedy Defendants' unlawful employment and discriminatory practices.

### DEMAND FOR TRIAL BY JURY

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff Quamina demands a trial by jury on all questions of fact the Complaint raises.

Dated:  New York, New York
          January 6, 2021

                            LIPSKY LOWE LLP

                            s/ Douglas B. Lipsky
                            Douglas B. Lipsky
                            420 Lexington Avenue, Suite 1830
                            New York, New York 10170-1830
                            212.392.4772
                            doug@lipskylowe.com

Defs.' Ex. B at P000014