

Douglas B. Lipsky

420 Lexington Avenue, Suite 1830
New York, New York 10170
Main: 212.392.4772
Direct: 212.444.1024
Fax: 212.444.1030
doug@lipskylowe.com

www.lipskylowe.com

March 24, 2021

VIA ECF
The Honorable Paul G. Gardephe, U.S.DJ.
U.S. District Court for the Southern District of New York
40 Foley Square
New York, New York 10008

      Re:     Quamina v. Crampsie and Lotkowictz, 1:21-cv-1878 (PGG)(BCM)

Dear Judge Gardephe:

      This firm represents the Plaintiff. We submit this letter opposing Defendants' pre-motion conference letter to dismiss the Complaint under Rule 12(b)(6). (Doc. No. 14).

A.     Plaintiff's retaliation claim under the Fair Labor Standards Act is well pled and should not be dismissed.

      Plaintiff has sufficiently pled two alternative theories on why Defendants fired her after being their children's nanny. This is permitted under Fed. R. Civ. P. 8(e)(2).

      Rule 8(e)(2) permits "alternative and hypothetical pleading." *MacFarlane v. Grasso*, 696 F.2d 217, 225 (2d Cir. 1982). A party is, indeed, permitted to assert inconsistent, alternative claims when each claim is sufficient on its own. *Adler v. Pataki*, 185 F.3d 35, 41 (2d Cir. 1999); *Nat'l Western Life Ins. Co. v. Merrill Lynch, Pierce, Fennder & Smith, Inc.*, 1:93-cv-7244 (VM), 2000 U.S. Dist. Lexis 23794, at * 7 (S.D.N.Y. Nov. 14, 2000) (discussing *Adler*). Dismissing a plaintiff's alternative theories at the pleading stage would, therefore, violate Rule 8(e)(2)'s liberal pleading policy that "allows plaintiffs wide 'latitude' in framing their right to recover." *Seider Assocs. v. ANC Holdings, Inc.*, 754 F. Supp. 37, 39 (S.D.N.Y. 1991) (quoting *MacFarlane*, 696 F.2d at 224); *Bancorp Servs.., LLC v. Am. Gen. Life Ins. Co.*, 2016 U.S. Dist. Lexis 18330 (VEC), at *25 (S.D.N.Y. Feb. 11, 2016) (explaining Rule 8(e)(2) has a "liberal alternative pleading policy").

      Reflecting this, courts permit parties to plead contradictory claims including, for example, asserting both breach of a contract and, in the alternative, a quasi contract. *Paper Corp. of U.S. v. Schoeller Technical Papers, Inc.*, 742 F. Supp. 808, 812 (S.D.N.Y. 1990). This also includes asserting alternative theories on why an employee was terminated, as discovery may show one asserted reason "was in fact the sole basis for his



termination and that the other alleged reasons did not contribute to [the employee's] termination." *Ashmeade v. Citizens Bank*, 1:17-cv-8994 (JGK), 2018 U.S. Dist. Lexis 104862, at *10 (S.D.N.Y. Jun. 22, 2018) (involving plaintiff claiming he was fired because of his race and, in the alternative, for filing for bankruptcy). Plaintiff's Complaint falls squarely within Rule 8(e)(2)'s liberal pleading standard.

The Complaint asserts two reasons why Defendants fired her – each of which is a valid basis for a claim. First, she asserts they fired her for testing positive for COVID-19, constituting disability-based discrimination under the New York State Human Rights Law and New York City Human Rights Law. Defendants do not challenge the sufficiency of these claims.

She also asserts, in the alternative, that they fired her after she complained about not getting paid overtime under the Fair Labor Standards Act and New York Labor Law.[1] (Compl. ¶¶ 54-74). Namely, on December 28, 2020, Plaintiff complained, through counsel, that she had not been paid overtime under the FLSA and Labor Law. (*Id*. ¶ 42). She believed, as of that date, Defendants had fired her because of her COVID-19 diagnosis. (*Id*. ¶ 43). Defendant Lauren Crampsie, however, makes explicitly clear that is not the case. She emailed Plaintiff on February 9, 2021, stating she did not fire Plaintiff in mid-December because of Plaintiff's diagnosis and calls that allegation "baseless." (*Id*. ¶ 56). With this email, Defendants set forth their position: they did not fire Plaintiff because of her COVID-19 diagnosis. However, between December 28 and February 9, they did not contact Plaintiff about coming back to work, while knowing she thought they had fired her. (*Id*. ¶ 47). Defendants, instead, hired a new nanny. (*Id.* ¶ 48).

These allegations support a valid FLSA retaliation claim. Plaintiff, for purposes of this claim, accepts that Defendants did not fire her in December because of her diagnosis. She asserts, in the alternative, that Defendants decided between December 28 and February 9 to fire her and hire a new nanny because she complained on December 28 about not getting paid overtime. In firing her for making this complaint, Defendants violated the FLSA's anti-retaliation provision. 29 U.S.C. § 215(a)(3); *Blackwell v. Actor's Playhouse*, 1:14-cv-603 (LGS)(FM), 2016 U.S. Dist. Lexis 47984, at *16 (S.D.N.Y. April 4, 2016) (explaining employer violates the FLSA anti-retaliation provision when firing an employee for complaining about not receiving overtime).

Faced with these valid claims, Defendants make the misguided argument that the FLSA retaliation claim should be dismissed because it is inconsistent with the discriminatory termination claims. (Motion at 4). They, tellingly, do not cite any authority for this argument – and for good reason. Again, pleading alternative claims is permissible when they can each stand on their own. *Adler,* 185 F.3d at 41.

---

[1] Defendants correctly state the *prima facie* elements to these claims. (Motion at 3). As Defendants' Motion focuses on the FLSA claim, Plaintiff's opposition does the same.



Defendants, trying to support their argument, ignore the maxim that they must, at this stage, accept the Complaint's allegations as true. They twice cross this line. They first do so when arguing Plaintiff is claiming she was fired on December 15 for her December 28 complaint on not getting paid overtime. That is not the timeline she alleges for this claim. She, rather, alleges she was fired "*after* she complained about not getting paid overtime." (Comp. ¶ 51 (emphasis added)). They also cross this line by arguing Plaintiff quit her job. Yet nowhere does Plaintiff assert she voluntarily terminated her employment; she alleges just the opposite.

At bottom, all of Plaintiff's termination claims are well pled and can stand on their own. She has, therefore, properly asserted "alternative" pleading under Rule 8(e)(2) and dismissing the alternative claims would violate the Rule's liberal pleading policy. *See MacFarlane*, 696 F.2d at 225. Defendants' would-be motion to dismiss the FLSA retaliation claim would accordingly fail and they should not be granted leave to file a motion dismiss this claim.

B. This Court should exercise supplemental jurisdiction over Plaintiff's untimely wage claim under the Labor Law.

A court may exercise supplemental jurisdiction over a state claim when the federal and state claim stem from the "same 'common nucleus of operative fact.'" *Montefiore Med. Ctr. v. Teamsters Local 272*, 642 F.3d 321, 332 (2d Cir. 2011) (quoting *United Mine Workers v. Gibbs*, 383 U.S. 715, 725 (1966)). This test is met if a "substantial overlap" exists between facts underlying both claims. *Achtman v. Kirby, McInerney & Squire, LLP*, 464 F.3d 328, 335 (2d Cir. 2006). That nexus exists here.

In her Fifth Claim, Plaintiff asserts that her work as a nanny qualifies her as "manual worker" under the Labor Law and Defendants violated N.Y. Lab. Law § 191(1)(a)(i) by paying her every two weeks, versus weekly. (Compl.[2] ¶¶ 89-93). A substantial overlap exists with this claim and her FLSA retaliation claim. In her FLSA retaliation claim, she asserts Defendants fired her because she complained about not getting paid overtime. (*Id.* ¶¶ 65-66). The bedrock of both claims is the same: Defendants' compensation policies. This is enough.

In a parallel case, a plaintiff asserted various claims against his former employer, including failure to pay overtime under the FLSA, age discrimination under the New York State Human Rights Law and failure to provide the required Notice and Acknowledgment of Payrate and Payday under N.Y. Lab. Law § 195.1.[3] *Figurowski v. Marbil Investors, LLC*, 1:14-cv-7034 (JS), 2017 U.S. Dist. Lexis 85900, at *7-8 (E.D.N.Y. July 1, 2015). The court declined to exercise supplemental jurisdiction over

---

[2] Plaintiff's March 3, 2021 Complaint (Doc. No. 1) ("Compl.")

[3] Under this statute, employers are required, at certain times, to provide employees a written statement that specifies, *inter alia*, how much they are getting paid and the pay frequency. N.Y. Lab. Law § 195.1.



the discrimination claim because the "only discernible connection" between that claim and the FLSA claim is that both arise from an employment relationship. But the court *did* exercise supplemental jurisdiction over the § 195.1 claim because "both claims are based on the same factual predicate – namely, Defendants' pay practices." *Id.* at 10. That is the same situation here. Plaintiff respectfully submits the Court should exercise supplemental discretion over the untimely wage Labor Law claim.

Defendants noticeably do not cite any case where a court declined to exercise supplemental jurisdiction where, like here, the overlap between the federal and state claims involves the employer's pay practices. They, rather, cite a case in which the only overlap between the federal and state claims is an employment relationship. *See Guerra v. Trece Corp.*, 1:18-cv-625 (ER), 2020 U.S. Dist. Lexis 223309, at *17 (S.D.N.Y. Nov. 30, 2020) (involving unpaid overtime and pregnancy discrimination claims). But that is not the case here.

Defendants' final argument equally lacks support. They argue, without citing any legal authority, that the court should decline to exercise supplemental jurisdiction because Plaintiff's Labor Law claim involves an unsettled legal issue. In making this argument, they, ironically, cite a case in which a District Court ruled on whether the Labor Law claim is viable. *See Hussain v. Pak. Int'l Airlines Corp.*, No. 11-cv-932 (ERK), 2012 U.S. Dist. Lexis 152254, at * 6 (E.D.N.Y. Oct. 23, 2012). And the *Hussain* Court is not alone. Other district courts have ruled on this claim's viability. *See, e.g., Scott v. Whole Foods Mkt. Grp., Inc.,* 1:18-cv-86 (SJF), 2019 U.S. Dist. LEXIS 61726 (E.D.N.Y.) (denying motion to dismiss untimely wage claim under the Labor Law); *Sorto v. Diversified Maint. Sys*, 2:20-cv-1302 (JS), 2020 U.S. Dist. Lexis 242856, at *4 (E.D.N.Y. Dec. 19, 2020) (same); *Duverny v. Hercules Med. P.C.,* 1:18-cv-7652 (DLC), 2020 U.S. Dist. LEXIS 37547, *12 (S.D.N.Y. Mar. 3, 2020).

In the end, Defendants' argument on why this Court should decline supplemental jurisdiction lacks any supporting authority and is counter to how other courts have approached this issue. They should accordingly not be granted leave to move to dismiss this claim.

Respectfully submitted,
LIPSKY LOWE LLP


s/ Douglas B. Lipsky
Douglas B. Lipsky


CC: Counsel of Record (Via ECF)