# PECHMAN LAW GROUP PLLC
### A T T O R N E Y S  A T  L A W

**488 MADISON AVENUE**
**NEW YORK, NEW YORK 10022**
**(212) 583-9500**
**WWW.PECHMANLAW.COM**

April 1, 2021

**VIA ECF**

The Honorable Paul G. Gardaphe
United States District Judge
United States District Court
Southern District of New York
40 Foley Square, Room 2204
New York, New York 10007

       Re:  *Quamina v. Crampsie*, 21 Civ. 1878 (PGG) (BCM)
            (Letter re: Motion to Dismiss under FRCP 12(b)(6))

Dear Judge Gardaphe:

      On behalf of Defendants Lauren Crampsie and Jason Lotkowicz, we submit this letter in further support of Defendants' pre-motion letter of March 19, 2021 (ECF No. 14). Although the Court's Individual Rules of Practice do not require this letter, Defendants respectfully submit it to bring case law concerning pleadings in the alternative to the Court's attention in anticipation of a pre-motion conference.

      The Supreme Court's plausibility standard requires Plaintiff to support her claims "by showing any set of facts *consistent* with the allegations in the complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 563 (2007) (emphasis added). The Federal Rules of Civil Procedure's provision for pleadings in the alternative, Fed. R. Civ. P. 8(d)(2), does not grant "plaintiffs license to plead inconsistent *assertions of facts* within the allegations that serve as the factual predicates for an independent, unitary claim." *See, e.g.*, *In re Livent, Inc. Noteholders Secs. Litig.*, 151 F. Supp. 2d 371, 407 (S.D.N.Y. 2001) (emphasis in original). Pleading in the alternative "cannot be construed as an invitation to incoherent, self-contradictory pleadings." *Id.* at 406. Quite simply, a plaintiff "cannot, as the saying goes, have its cake and eat it too." *XL Specialty Ins. Co. v. Otto Naumann Ltd.*, No. 12 CV 8224 (DAB), 2015 WL 1499208, at *2 (S.D.N.Y. Mar. 31, 2015) ("There is a significant difference between pleading alternative theories of law based upon given facts and pleading alternative statements of fact to support a given principle of law." (quoting *United States v. Gotti*, 771 F. Supp. 535, 540 (E.D.N.Y. 1991)).

      Plaintiff's allegations in the complaint and documents incorporated by reference are legally binding admissions. *See, e.g.*, *Bellefonte Re Ins. Co. v. Argonaut Ins. Co.*, 757 F.2d 523, 529 (2d Cir. 1985) ("A party's assertion of fact in a pleading is a judicial admission by which it normally is bound throughout the course of the proceeding"). As such,

inconsistent and self-contradictory factual assertions carry no weight in the motion to dismiss context, because they are "simply not plausible." *See, e.g.*, *Barberan v. Nationpoint*, 706 F. Supp. 2d 408, 423–25 (S.D.N.Y. 2010) (dismissing breach of contract claim relying on "mutually exclusive claims": plaintiffs asserted defendant breached "the agreement" requiring it to make them a loan while at the same time claiming plaintiffs kept the loan current until it was rescinded).[1] By way of example, in *XL Specialty Ins. Co.*, an art dealer first denied giving an art restoration company a painting. 2015 WL 1499208, at *2. However, in the same pleading, the art dealer stated in the alternative that *if* it had given the restoration company the painting, the art restoration company would have had a duty to care for it. *Id.* District Judge Deborah A. Batts of this Court granted the art restoration company's motion to dismiss the art dealer's third party negligence claim, reasoning the art dealer could not rely on its inconsistent assertions of fact; it was locked into its first assertion, that it had not given the painting to the art restoration company. *Id.* at *2–3.

Here, Plaintiff made the factual assertion that she was terminated in mid-December because she contracted COVID-19. ECF No. 1 ¶¶ 38–39, 42; ECF No. 14–1 at P000008; ECF No. 14–2 at P000003 ¶ 3. Plaintiff may not simply ignore her own factual assertion, stated in both her text message and demand letter, to make the contradictory factual assertion that if she was not terminated in mid-December then she was terminated in late December in retaliation for asserting FLSA claims in her demand letter—the very same letter that also asserted she was terminated in mid-December for contracting COVID-19. ECF No. 1 ¶ 51; ECF No. 14–2 at P000003 ¶ 3; *see, e.g.*, *In re Livent Inc.*, 151 F. Supp. 2d at 407 ("Rule 8(e)(2) could not coherently contemplate that plaintiffs pressing a claim of fraud would be allowed to make a factual assertion in one paragraph of the complaint declaring that they were not aware of some material information, and in another part of the same claim concede that they relied detrimentally upon that same factual representation as the basis for recovery."). There simply cannot be an inference of retaliation here because Plaintiff is locked into her own factual assertion that she was terminated before Defendants ever received her demand letter alleging FLSA violations.

---

[1] *See also, e.g.*, *Pure Diets India Ltd. V. Genco*, No. 18 CV 3086 (VEC), 2019 WL 428834, at *7 (S.D.N.Y. Feb. 4, 2019) (dismissing quasi-contract claim "[n]otwithstanding the legal ability to plead [it] in the alternative" where "Plaintiffs have pleaded themselves out of stating" it by alleging "the existence of an 'agreement between Genco and WGS' that governed" the contractual obligation at issue in the case); *E. Amherst Plumbing, Inc. v. Thompson*, No. 12 CV 0195A, 2013 WL 5442263, at *10 (W.D.N.Y. Sept. 27, 2013) (dismissing intentional interference with contract claim where plaintiff claimed defendant Thompson interfered with its business relationship with Liberty Mutual, also a defendant in the case, even though plaintiff also claimed both defendants defamed its services before plaintiff could have ever entered into a contract with Liberty Mutual to provide those same services); *Anderson v. Davis Polk & Wardwell LLP*, 850 F. Supp. 2d 392 (S.D.N.Y. 2012) (dismissing claim for $5,000 characterized as a "bonus" in both plaintiff's complaint and EEOC papers incorporated by reference in the complaint and also characterized as "expenditures" in plaintiffs' moving papers); *Ben-Zvi v. Bo Hi Pak*, No. 10 CV 9588 (VB), 2011 WL 7095422, at *3 (S.D.N.Y. 2011) (dismissing legal malpractice claim where "plaintiffs plead self-contradictory versions of the facts," claiming attorneys represented them but also admitting attorneys were adverse to them).

   For all of the foregoing reasons, Defendants respectfully request a pre-motion conference and permission to file a motion to dismiss the Complaint. Defendants further request that mediation be postponed pending briefing and a ruling on their motion.

                    Respectfully submitted,

                    *s/ Gianfranco J. Cuadra*
                    Gianfranco J. Cuadra

cc: Counsel for Plaintiff (via ECF)