

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ANAIKA QUAMINA,

        Plaintiff,

-against-

LAUREN CRAMPSIE, et al.,

        Defendants.

21-CV-1878 (PGG) (BCM)

**ORDER**

**BARBARA MOSES, United States Magistrate Judge.**

    Plaintiff's letter dated May 3, 2021 (Pl. Ltr.) (Dkt. No. 18), docketed as a motion to compel discovery, "requests clari[t]y" as to whether the pre-mediation document exchange mandated by the Mediation Referral Order issued by the Hon. Paul G. Gardephe on March 15, 2021 (Dkt. No. 12) "is stayed" in light of the pendency of defendant's pre-motion letter dated March 19, 2021 (Def. Pre-Mtn. Ltr.) (Dkt. No. 14), seeking leave to file a motion, pursuant to Fed. R. Civ. P. 12(b)(6), to dismiss the Complaint. If discovery is not stayed, plaintiff "requests that Defendants be compelled to comply" with the Mediation Referral Order. Pl. Ltr. at 1. Defendants' responding letter, dated May 4, 2021 (Def. Ltr.) (Dkt. No. 19), is not docketed as a motion but nonetheless argues that "discovery should be stayed" pending the Court's decision on their pre-motion letter – and that, if leave to file a motion to dismiss is granted, discovery should remain stayed pending decision on the motion. Both applications are within the scope of my reference. (Dkt. No. 8.)

    Strictly speaking, discovery in this action has not yet commenced. No answer has been filed, no Fed. R. Civ. P. 26(f) conference has occurred, and no Fed. R. Civ. P. 16 scheduling order has been issued. Thus, the question is not whether discovery has been or should be stayed; it is whether the parties' obligations under the Mediation Referral Order – including the obligation to exchange certain documents prior to the mediation – should be enforced, as

plaintiff urges, or stayed, as defendants request, pending decision on their pre-motion letter and/or their anticipated motion to dismiss.

Plaintiff is correct that the mere filing of defendants' pre-motion letter did not affect the parties' mediation-related obligations. *See* Gardephe Ind. Prac. ¶ IV.A ("The submission of a pre-motion letter does not stay any future deadlines, except that submission of a pre-motion letter concerning a motion to dismiss will stay the defendant's time to answer or otherwise move with respect to the complaint."). Similarly, the Mediation Program Procedures make it clear that any requests to "indefinitely adjourn mediation pending some specific action in the case," such as decision on a motion, are to be "made directly to the presiding judge." S.D.N.Y. Mediation Program Procedures § 6(b). Since the Mediation Referral Order directed the parties to exchange the specified documents within four weeks (that is, by April 12, 2021), defendants should have made any such request well before that deadline ran, rather than waiting until plaintiff sought to compel compliance. Nonetheless, having reviewed defendants' pre-motion letter (as well as plaintiff's response, defendants' reply, and plaintiff's sur-reply, *see* Dkt. Nos. 15, 16, 17), I conclude that the mediation should be adjourned.

Defendants have demonstrated that their anticipated motion to dismiss is strong. As they explain in their pre-motion letter, plaintiff's sole federal claim is for retaliation under the Fair Labor Standards Act. Def. Pre-Mtn. Ltr. at 3; Compl. (Dkt. No. 1) ¶¶ 54-67. That claim rests on plaintiff's factual allegation that she was fired from her job as nanny to defendants' children because she "complained, through counsel, of Defendants' failure to pay her overtime, constituting a protected activity." Compl. ¶ 65; *see also id*. ¶ 66 ("Defendants fired Plaintiff Quamina for this protected activity."). However, according to the Complaint, that "protected activity" took place on December 28, 2020, at which time plaintiff also complained, through counsel, that she had *already* been fired – two weeks earlier – not because of any wage

complaints but because she had tested positive for COVID-19. *Id*. ¶ 42. Indeed, in the draft complaint that plaintiff's counsel emailed to defendants on December 27, 2020,[1] she alleged that defendants "immediately fired" her on December 12, 2020, "when she tested positive for COVID-19." Def. Ltr.-Mtn. Ex. B ¶¶ 3, 36. Similarly, in her Complaint as filed, plaintiff asserts state and local disability discrimination claims that rest squarely on the factual allegation that defendants "fir[ed] her because of her COVID-19 diagnosis." Compl. ¶¶ 80, 86.

Although Fed. R. Civ. P. 8(d)(2) permits a plaintiff to plead in the alternative, she may "assert contradictory statements of fact only when legitimately in doubt about the facts in question." *2004 Stuart Moldaw Tr. v. XE L.I.F.E., LLC*, 642 F. Supp. 2d 226, 240 (S.D.N.Y. 2009) (quoting *American Int'l Adjustment Co. v. Galvin,* 86 F.3d 1455, 1461 (7th Cir.1996)), *aff'd,* 374 F. App'x 78 (2d Cir. 2010). Here, plaintiff cannot allege – consistently with Rule 11 – both that she was fired *before* December 27 (because she tested positive for COVID-19) and that she was fired *after* December 27 (because she complained that defendants failed to pay her overtime). *See Ulloa v. Takata Corp., TK Holdings Inc.*, 2017 WL 1194691, at *3 (S.D.N.Y. Mar. 30, 2017) ("Plaintiff misreads Rule 8(d) to allow allegations of contradictory *facts* even though Rule 8 authorizes only allegations of contradictory *claims*."); *XL Specialty Ins. Co. v. Otto Naumann, Ltd.*, 2015 WL 1499208, at *2 (S.D.N.Y. Mar. 31, 2015) (quoting *In re Livent, Inc. Noteholders Secs. Litig.,* 151 F. Supp. 2d 371, 407 (S.D.N.Y. 2001)) ("Although Rule 8(d)(3) allows parties to plead alternative legal theories, it does not permit 'inconsistent *assertions of facts* within the allegations.'").

Plaintiff's termination allegations are not only inconsistent; they are conclusory. She repeatedly asserts that she was fired but she does not explain what defendants did or said to fire her. Instead, she alleges that "[b]etween December 28 and February 9, 2021" (that is, after she

---

[1] The December 28 date in the Complaint appears to be a mistake. *See* Def. Pre-Mtn. Ltr. Ex. B.

3

retained a lawyer to send defendants a draft complaint, but before defendants sent plaintiff $41,480.00, representing "all of the overtime, liquidated damages and interest" that her counsel claimed she was owed, Compl. ¶ 44), defendants "never contacted Plaintiff Quamina to state they did *not* fire [her], that they want her to come back to work, or to make arrangements for her to return to work." *Id.* ¶ 47 (emphasis added). Thus, plaintiff's FLSA retaliation claim is vulnerable to dismissal for failure to plausibly allege two of the four elements of such a claim: "an employment action disadvantaging the plaintiff" and "a causal connection between the protected activity and the adverse employment action." *Jian Zhong Li v. Oliver King Enters., Inc.*, 2015 WL 4643145, at *2 (S.D.N.Y. Aug. 4, 2015) (quoting *Mullins v. City of New York*, 626 F.3d 47, 53 (2d Cir. 2010)). Moreover, as defendants point out, should this Court dismiss plaintiff's sole federal claim at this early stage of the litigation, it would have no reason to retain jurisdiction over her state and local claims. Def. Pre-Mtn. Ltr. at 4; *see also Marcus v. AT&T Corp.,* 138 F.3d 46, 57 (2d Cir. 1998) ("In general, where the federal claims are dismissed before trial, the state claims should be dismissed as well.")

I note as well that since plaintiff does not assert any claims for unpaid wages or overtime, under either federal or state law,[2] the document exchanges required by the Mediation Order (designed for more conventional FLSA cases) would do little or nothing to resolve the parties' dispute. *See* Med. Order ¶¶ 1-5 (requiring production of documents describing the plaintiff's duties, records of wages paid and hours worked, a spreadsheet of "alleged underpayments," and documents describing the employer's "compensation policies"). It would therefore make little

---

[2] Plaintiff has no such claims because – as she concedes – defendants paid her everything that her counsel claimed she was owed for unpaid overtime, liquidated damages, and interest before she filed suit. Compl. ¶ 44. Her only claims under the New York Labor Law are for retaliation, Compl. ¶¶ 68-74, and for "untimely paid wages," based on her claim that she was a "manual worker," entitled to be paid "not later than seven days after the end of the week in which the wages are earned," NYLL § 191(1)(a)(i), but was sometimes paid "every 14 days." *Id*. ¶¶ 89-93. Her remaining claims are for disability discrimination under state and local law. *Id*. ¶¶ 75-88.

sense to require the parties to proceed with that exchange while awaiting the Court's disposition of what may be a dispositive motion.

For these reasons, plaintiff's letter-application is DENIED and defendants' letter-application is GRANTED to the extent that the Mediation Referral Order is VACATED pending the outcome of defendants' pre-motion letter and anticipated motion to dismiss.

The Clerk of Court is respectfully directed to close the letter-motion at Dkt. No. 18.

Dated: New York, New York
May 7, 2021

**SO ORDERED**.

_____
**BARBARA MOSES**
**United States Magistrate Judge**