# PECHMAN LAW GROUP PLLC
### A T T O R N E Y S  A T  L A W

**488 MADISON AVENUE**
**NEW YORK, NEW YORK 10022**
**(212) 583-9500**
**WWW.PECHMANLAW.COM**

December 17, 2021

**VIA ECF**

The Honorable Paul G. Gardephe
United States District Judge
United States District Court
Southern District of New York
40 Foley Square, Room 2204
New York, New York 10007

   Re: *Quamina v. Crampsie*, 21 Civ. 1878 (PGG) (BCM)
     (Letter re: Motion to Dismiss under FRCP 12(b)(6))

Dear Judge Gardephe:

  On behalf of Defendants Lauren Crampsie and Jason Lotkowicz, we submit this letter to request that the Court hold a conference and rule on the pending motion to dismiss (ECF Nos. 23–24, the "Motion to Dismiss")) or, in the alternative, grant Defendants leave to file a revised motion to dismiss Plaintiff's Amended Complaint (ECF No. 27). Plaintiff does not consent to the foregoing. For the reasons set forth below, Plaintiff's Amended Complaint is subject to dismissal for the same reasons already set forth in the Motion to Dismiss (ECF Nos. 23–24).

  On March 19, 2021, Defendants requested leave to file a motion to dismiss (ECF No. 14). Plaintiff filed an opposition, Defendants filed a reply, and Plaintiff filed a sur-reply (ECF Nos. 15–17). In her opposition and sur-reply, Plaintiff repeatedly argued that she was entitled to plead inconsistent and contradictory facts in the alternative, pursuant to Rule 8. Namely, Plaintiff claimed she could argue both that she was fired before December 27, 2020, because she tested positive for COVID-19, and also that she was subsequently fired on a later date, allegedly for retaliatory reasons following Defendants' receipt of her attorneys' complaint about failing to pay her overtime wages. *See* ECF Nos. 15, 17.

  On May 7, 2021, Judge Moses ruled that discovery should be stayed pending Defendants' anticipated motion to dismiss (ECF No. 20). According to Judge Moses, the anticipated motion "is strong," because "plaintiff cannot allege – consistently with Rule 11 – both that she was fired *before* December 27 (because she tested positive for COVID-19) and that she was fired *after* December 27 (because she complained that defendants failed to pay her overtime)." ECF No. 20 at 3 (emphasis in original). In addition, Judge Moses reasoned that Plaintiff's allegations concerning retaliatory termination "are

conclusory" and subject to dismissal: "[Plaintiff] repeatedly asserts that she was fired but she does not explain what defendants did or said to fire her." *Id.* at 3–4.

On October 29, 2021, this Court set a briefing schedule. ECF No. 22. Defendants filed the Motion to Dismiss on November 15, 2021. ECF Nos. 23–24. Instead of filing an opposition, Plaintiff filed an Amended Complaint on December 7, 2021, which omits claims for discriminatory discharge under the state and local laws and purports to assert the same retaliation claims under the FLSA and NYLL against Defendants. ECF No. 27. In the Amended Complaint, Plaintiff now asserts that she "believed Defendants fired her because of her COVID-19 positive diagnosis." ECF No. 27 ¶ 37. Plaintiff does so despite incorporating by reference documents stating otherwise, including text messages between the Parties (*see id.* ¶¶ 36–38) and her attorney's email of December 27, 2020, to Defendants, in which he attaches a draft complaint alleging that Defendants "immediately fired Plaintiff when she tested positive for COVID-19." *Id.* ¶ 42; *see also* ECF No. 24–3 ¶ 3. The Amended Complaint also incorporates by reference Crampsie's email to Plaintiff dated February 9, 2021 (ECF No. 27 ¶¶ 44–45), in which Crampsie clarifies that Defendants "did not terminate you [Plaintiff] *in any manner* and had no reason to terminate you" (ECF No. 24–4 at P00001) (emphasis added), but which Plaintiff mischaracterizes as stating only that she was not fired for COVID-19-related reasons between December 12 and 27, 2020. ECF No. 27 ¶¶ 44–45.

The Amended Complaint is subject to dismissal for the same reasons set forth in the Motion to Dismiss. *See* ECF No. 23–24. First, as Judge Moses explained, "Plaintiff cannot allege – consistently with Rule 11[,]" that she was fired both before and after December 27. ECF No. 20 at 3. Amending the complaint does not cure this deficiency, because Plaintiff's counsel's December 27 email and draft complaint sent to Defendants, both incorporated by reference, flatly contradict Plaintiff's amended allegations. *Compare* ECF No. 24–3 ¶¶ 3, 36, 61, 67 *with* ECF No. 27 ¶¶ 40, 42. Plaintiff can assert "contradictory statements of fact only when *legitimately in doubt* about the facts in question." *2004 Stuart Moldaw Tr. V. XE L.I.F.E., LLC*, 642 F. Supp. 2d 226, 240 (S.D.N.Y. 2009). Plaintiff cannot legitimately assert, consistently with Rule 11, that she only "believed" she had been fired before she, through counsel, threatened Defendants with a lawsuit for having "immediately fired" her upon testing positive for COVID-19. ECF No. 24–3 ¶ 3.

Second, Plaintiff's retaliation claim as alleged in the Amended Complaint, especially in light of facts incorporated by reference, is conclusory and remains subject to dismissal for failing to plausibly state an adverse action and causality, as is explained in the Motion to Dismiss. *See* ECF No. 23–24. Plaintiff alleges she stopped performing work for Defendants on December 12, 2020, and that her last direct contact with Defendants was on December 24, 2020. ECF No. 27 ¶¶ 34–37. Plaintiff now claims she "did not report to work because Defendants told her that they do not need her services during that period and because Defendants told her they would reach out to her again when they, again, need her services." *Id.* ¶ 41. In reality, per the Parties' text messages incorporated by reference, Defendants told Plaintiff to stay home for fourteen days without contact (ECF No. 24–2 at P2), to get retested so "we go from there" (*id.* at P6), and to discuss "next steps" on December 27, 2020 (*id.* at P9).

Hon. Paul G. Gardephe
December 17, 2021
Page 3 of 3

      Purportedly still only "believing" she had been fired, Plaintiff retained counsel and threatened Defendants with a demand letter stating, among other things, that they had "immediately fired" Plaintiff when she tested positive for COVID-19. ECF No. 24–3 ¶ 3. Nothing changed for Plaintiff between December 12, 2020, when she "believed" she had been fired and stopped performing work for Defendants, and February 9, 2021, when she received a check for $41,480 from Defendants. *See generally* ECF No. 27 ¶¶ 34–44, ECF No. 24–4. She continued not working for Defendants. Despite this, Plaintiff now mischaracterizes Defendants' email of February 9, 2021, in her Amended Complaint, alleging that Defendants say in the email that "they did not fire Plaintiff, at least between December 15 and December 28, 2020" for testing positive for COVID-19. ECF No. ¶¶ 44–45. In reality, Defendants denied ever firing Plaintiff at all: "We needed you, and you left us. That was your choice." ECF No. 24–4 at P1.

      Plaintiff's mischaracterizations carry no weight in the motion to dismiss context. *See, e.g., Barberan v. Nationpoint*, 706 F. Supp. 2d 408, 423–25 (S.D.N.Y. 2010). The facts are far simpler than Plaintiff's ever-evolving narrative: Plaintiff stopped performing work for Defendants on December 12, 2020; Plaintiff concluded she was terminated and retained an attorney to sue Defendants for alleged unpaid wages and an alleged discriminatory discharge based on a positive COVID-19 diagnosis; two months later, still not performing work for Defendants, Plaintiff received all of her alleged unpaid wages of $41,480 as calculated by her attorney; and Defendants denied ever firing Plaintiff, because she abandoned her position. ECF No. 24–4. Left without a jurisdictional hook to file her remaining claims in federal court, *see, e.g., Fast v. Cash Depot, Ltd.*, 931 F.3d 636, 639 (7th Cir. 2019), Plaintiff has fabricated a retaliation claim under the FLSA and NYLL that flies in the face of reality and should not be accepted simply because she amended her complaint.

      For all of the foregoing reasons, Defendants respectfully request a conference and that the Court dismiss the Amended Complaint based on the already-filed Motion to Dismiss. In the alternative, Defendants respectfully request leave to file a revised motion to dismiss the Amended Complaint.

      Respectfully submitted,

      /s/ *Gianfranco J. Cuadra*

      Gianfranco J. Cuadra

cc: Counsel for Plaintiff (via ECF)